ON MOTION FOR REHEARING
ZEHMER, Judge.
The motion for rehearing filed by appel-lee Nu-Car Carriers asserts that we have misinterpreted the allegations of the com *227 plaint in stating that it alleges the original grievance decision was “infected with perjured testimony.” We agree that the complaint is not a model of clarity and does not allege such fact in haec verba, but the extensive factual allegations are susceptible to such an inference and construction, as argued in Waters’ reply to the motion for rehearing. It is elementary that on a motion to dismiss the court must construe the pleading most favorably for the non-moving pleader and give that party the benefit of every permissible inference and construction which may fairly be drawn from the allegations.
Moreover, the statute of limitations should ordinarily be set out as an affirmative defense, and only where the facts showing its application are clearly and indisputably set forth on the face of the complaint should a motion to dismiss be granted on this ground. See Lago West 84, Inc. v. Homac Barnes, Inc., 486 So.2d 64 (Fla. 4th DCA 1986). The disputed connotations given to the alleged facts in the motion for rehearing and the reply thereto demonstrate that it would be premature to dispose of this case on the statute of limitations defense by motion to dismiss.
REHEARING DENIED.
SHIVERS and BARFIELD, JJ., concur.